[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a contested action for dissolution brought by the Plaintiff husband, against the Defendant wife, on grounds of irretrievable breakdown. When Plaintiff appeared to prosecute the claim for dissolution on November 28, 1994 and January 9, 1995 the Defendant although having filed a pro se appearance, failed to appear.
The Court, having heard the evidence, finds the following:
1. The Plaintiff, and the Defendant whose maiden name was Linda Morrissey were lawfully married on January 7, 1991 at Simsbury, Connecticut.
2. The Plaintiff has resided continuously in this State for twelve months before the date of the filing of the Complaint.
3. The Plaintiff and the Defendant have one minor CT Page 535 child issue of said marriage, namely: Benjamin Odin Wilkinson Wiegand born January 8, 1989, and another child who for whom paternity has never been legally established, and who is the stepchild of the Plaintiff, Jonathan Patrick Morrissey Wiegand, born January 3, 1986. No other minor children have been born to the Defendant since the date of said marriage.
4. Connecticut is found to be the home state of both children it being the state where the children lived for more than six months immediately preceding the institution of this action, and it being the state which has been recognized as the home state for custody purposes by the State of Vermont, and it being the state where Thomas Wilkinson, the Plaintiff has continued to reside.
4. The marriage of the Plaintiff and the Defendant has suffered an irretrievable breakdown with no likelihood of reconciliation.
5. No state or public agency is contributing to the support of either party.
6. Defendant has removed and/or retained the children and has interfered with the custodial rights of Karen Wilkinson who was awarded temporary custody on February 14, 1994 and Thomas Wilkinson, the Plaintiff, who was awarded temporary custody on April 27, 1994.
7. Defendant has abandoned her personal property which has been maintained in storage by Thomas Wilkinson.
8. Defendant has abandoned the management of her real estate located at 3 South Road, Simsbury, Connecticut. Based on Plaintiff's testimony that he cannot locate any account which contains the tenant's security deposit, the court concludes that Defendant has absconded with the $2,200.00 security deposit of the tenants.
9. Defendant has appropriated certain moneys of Jonathan which were being held in trust under the supervision of the Probate Court in Simsbury, and has absconded with the monies.
10. As of January 9, 1995, Defendant has failed to pay CT Page 536 child support in the amount of $1,079.04, alimony in the amount of $1,904.48 and has failed to turn over social security payments of the children in the amount of $3,131.76 for a total arrearage of $6,879.69. The court further finds that the said Linda Wiegand had the ability to make said payments.
11. Defendant has failed to pay to the Plaintiff pendente lite counsel fees of $25,000.00 order on November 15, 1994.
12. Defendant receives, at present $290.00 per month social security for Benjamin and $290.00 per month for social security for Jonathan. (See Exhibit A)
13. Defendant receives $1042.00 per month security for herself. (See Exhibit B)
14. Defendant receives from CIGNA $2,707.00 per month for medical disability.
15. Defendant receives from Northwestern Mutual Life Insurance the sum of $1711.08 per month.
16. Defendant's yearly gross income, is $73,042.00 or a gross weekly income of $1,404.66.
In arriving at financial orders in this matter, the Court has considered all the criteria contained in Sections46b-61, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes.
Accordingly, dissolution of the marriage shall enter on the grounds of irretrievable breakdown and the following orders shall enter:
CUSTODY AND VISITATION
1. Sole legal and physical custody of Jonathan and Benjamin is awarded to the Plaintiff.
2. Visitation of Defendant shall occur only after application by her for visitation rights and a hearing on the appropriateness of said rights. CT Page 537
3. The Defendant, her employees, agents and servants are ordered to turn over physical custody of the children to the Plaintiff immediately.
4. The Defendant, and her agents, attorneys, and servants are ordered to turn over the children's passports immediately to the Plaintiff.
5. The Defendant is enjoined from procuring or using any passport of the children to remove them from the United States.
PERSONAL PROPERTY
8. All personal property which is in the possession of Thomas Wilkinson shall be owned by him, as partial lump sum alimony, and he shall be free to do with the property anything he wishes.
REAL ESTATE
9. Title to the real estate, located at 3 South Road, Simsbury, Connecticut, which is the subject of a lis pendens dated September 23, 1992 and recorded in Vol 398 at page 1100 of the Simsbury Land Records is hereby assigned to the Plaintiff as partial lump sum alimony. It is the judgment of he court that title shall pass to the Plaintiff without any act by the wife and it is the proper mode to carry the decree into effect.
Said property is described as follows:
A certain piece or parcel of land, with the buildings thereon standing, situated in Simsbury, Connecticut, being known as No. 3 South Road, (formerly known as No. 11 Belden Terrace) and being shown as Lot No. 12 on a certain map entitled: "Plan of Re-Subdivision `Pine Hill' Section I owned by Pine Hill Associates Route 10-Hopmeadow St., Simsbury, Conn. Scale 1" = 40' August 1974 revised to January 1975 certified substantially correct W.F. Grunewald, Surveyor Hodges Surveying Associate P.C.". which map is on file in the Town Clerk's Office of Simsbury and being the same premises conveyed to James A. Cunningham and Adrienne T. Cunningham by Warrantee Deed from Michael J. Naughton, et al dated August 1, 1986 and recorded in the CT Page 538 Simsbury Land Records, volume 306 at page 123.
OUT OF STATE DEPOSITIONS
10. The Plaintiff is authorized to take the out of state deposition of 1) the sister of the Defendant, Susan Morrissey Martin, in an effort to locate the children and the assets of Defendant, 2) Any health care provider of Defendant or the children, 3) any telephone company or communications company of any person who may have been in telephone, FAX or computer communication with Linda Wiegand, 4) any creditor or debtor of Defendant, and 5) any insurance company wherein Defendant has made a claim or has an outstanding claims relationship.
CHILD SUPPORT
11. Defendant is ordered to pay $373.94 per week, broken down as follows:
(a) $ 67.44 per week per child of the children's social security payments. ($134.88)
(b) $238.06 or $119.03 per week per child.
A wage withholding order shall issue in the amount of $238.06 against CIGNA for child support.
A wage withholding order shall issue in the amount of $238.06 against the Northwest Mutual Insurance Company for child support.
In the event that Plaintiff, by reason of the two wage withholding orders receives more than the total of the orders for periodic alimony, child support and social security, he is ordered to establish two separate bank accounts for any surplus one reserved exclusively for monies designated child support and social security payments. He is authorized to apply monies from the account containing other than children's monies to any debt which is owed by the Defendant to Attorney Benedict, or for the satisfaction of any other obligation of the Defendant herein contained. The account containing children's monies shall not be used until the return of the children or upon application to the Court. CT Page 539
Until such time as the wage withholding order goes into effect the payments shall be made by the Defendant.
A wage withholding order shall issue in the amount of $67.44 per week per child against the Social Security Administration. To the extent that the Social Security Administration will recognize this order, they are directed to turn over any monies which they are holding for Jonathan Wilkinson and Benjamin Wilkinson to the Plaintiff as well as other payments as they become due.
ALIMONY
12. The Court awards: $391.47 weekly periodic alimony for five years or until the children are returned, whichever is sooner. Said alimony is to be secured by a wage execution against CIGNA, and Northwestern Mutual Life Insurance Company. Until the alimony is actually withheld, the Defendant shall pay said amount directly to the Plaintiff.
13. LUMP SUM ALIMONY
The court has reviewed the criteria as enumerated in Section 46b-81, and, in addition to the real estate and personal property hereby awards the Plaintiff $500,000.00, payable at the rate of $20,000.00 per year with interest at the rate of 8 per cent per year. Of particular note is the intolerable cruelty which the Defendant has caused by subjecting the Plaintiff to false allegations of sexual abuse, and the humiliation which resulted from that and by depriving the Plaintiff any contact for over 26 months. Since the court does not know when the children shall be returned to the Plaintiff, if ever, the court has set the award taking into consideration the fact that the aforesaid cruelty may continue indefinitely. However, if the children are turned over to the Plaintiff by midnight of July 1, 1995 then the court shall, (with Plaintiff's consent, remit the lump sum alimony award to $250,000.00 payable at $12,500.00 on each and every July 1, until paid (together with interest at the rate of 8 per cent per year, compounded.)
14. ATTORNEY FOR CHILD
CT Page 540
Plaintiff shall pay $6,300.00 to Attorney Judith Benedict at the rate of $ 200.00 per month and the Defendant shall pay $9,700.00 to Attorney Judith Benedict at the rate of $500.00 per month.
15. ATTORNEYS FEES
The previous award of $25,000.00 to the Plaintiff for attorneys fees pendente lite is hereby confirmed and additional $25,000.00 is awarded to the Plaintiff. Payment of the $25,000.00 previously ordered is overdue and the payment of $25,000.00 is payable July 1, 1995.
16. CONTEMPT
 Linda Wiegand is found to be in contempt of court byreason of (a) failure to turn over physical custody of thechildren to the Plaintiff.
 (b) failure to pay child support as ordered onNovember 15, 1994.
 (c) failure to pay attorney's fees as ordered onNovember 15, 1994.
 The imposition of appropriate sanctions are postponeduntil such time as Linda Wiegand has been located andreserves continuing jurisdiction both as to subject matterand personal on this matter.
17. OTHER:
The judgment file shall be prepared by the Plaintiff and signed by the Attorney for the child; Defendant need not sign the judgment file.
The State of Connecticut is hereby ordered to cooperate in placing the name of Linda Wiegand (and any aliases) and the children on the NCIC computer as missing in an attempt to locate the children.
The court monitor and/or court reporter is ordered to notify the Plaintiff or his attorney of any order (other than law enforcement personal) of a transcript or partial CT Page 541 transcript.
The court clerk is ordered to notify the Plaintiff or his attorney of any order (other than law enforcement personal) for certified copies of records of this file.
BY THE COURT
Santos, J.